UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BARRY R. BARD,                      )
                                    )
       Plaintiff                  )
                                    )
v.                                  )        No. 1:12-cv-22-NT
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
       Defendant                  )

## REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the questions of whether the administrative law judge was required to obtain additional medical evidence and whether he misinterpreted the opinion of a consulting psychological examiner. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from an affective disorder, a personality disorder, and degenerative disease of the lumbar spine, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 12, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

"Listings"), Findings 2-3, Record at 13; that he retained the residual functional capacity ("RFC") to perform light work, except that he could stand, walk, and sit for up to six hours each in an eight-hour workday, could frequently balance, kneel, crouch, and crawl, could occasionally stoop and climb ramps and stairs, was capable of understanding, remembering, and carrying out simple instructions; could use judgment in making simple work-related decisions, could respond appropriately to coworkers, supervisors, and usual work situations; and could adapt to changes in the ordinary work setting, Finding 4, *id.* at 15; that, given his age (44 on the date the application was filed, a younger individual), education (at least high school), RFC, and work experience, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id.* at 18; and that, as a result, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time from June 27, 2008, the date the application was filed, through the date of the decision, September 13, 2011, Finding 10, *id.* at 19. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 416.1481, *Dupuis v. Secretary of Health & Human Servs.,* 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform

work other than his past relevant work.  20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

### A.  Completing the Record

The plaintiff was incarcerated and unrepresented at the time of his hearing.  Record at 27. He complains that the administrative law judge "indicated . . . that he was going to make an effort to obtain . . . records [of counseling he had received while incarcerated][,]" but "[t]here is no evidence in the record or in the ALJ's decision to indicate that the ALJ requested the Plaintiff's psychiatric treatment records [from the time he was] incarcerated or forwarded a release for the Plaintiff's signature."  Statement of Specific Errors ("Itemized Statement") (ECF No. 12) at 2-3.

On the day before oral argument, counsel for the commissioner filed, without seeking leave to do so, a "supplemental administrative record" (ECF No. 17-2), consisting of a one-page document entitled "Maine Department of Corrections/Authorization for the Disclosure of Information by the Department of Corrections" apparently signed by the plaintiff and dated July 25, 2011, the date of the hearing before the administrative law judge.  Record at 25.  The form specifies the information to be released as "mental health assessment of Kim Struck."  ECF No. 17-2 at 2.  At oral argument, the plaintiff's attorney did not object to the admission of the document.

An administrative law judge has a duty, particularly when the claimant is unrepresented, to develop an adequate record from which a reasonable conclusion can be drawn.  *Heggarty v.*

3

*Sullivan*, 947 F.2d 990, 996 (1st Cir. 1991). While an administrative law judge "once alerted by the record to the presence of an issue," must develop the record further on that point, *May v. Bowen*, 663 F. Supp. 388, 394 (D. Me. 1987), there must be evidence of record to raise the issue before the duty arises. *Santiago v. Secretary of Health & Human Servs.*, 944 F.2d 1, 5-6 (1st Cir. 1991). In addition, the duty is only to develop an adequate record. *Ribiero v. Barnhart*, 149 Fed. Appx. 7, *7, 2005 WL 2435233, at **1 (1st Cir. Oct. 4, 2005). Finally, the plaintiff must show that any failure to carry out this duty is unfair or prejudicial. *Faria v. Commissioner of Soc. Sec.*, 187 F.3d 621 (table), 1998 WL 1085810, at *1 (1st Cir. Oct. 2, 1998).

The claimant bears the burden, when contending that the administrative law judge failed to develop the record adequately, to show that the missing evidence was significant and its absence was harmful to his claim. *Tavarez v. Astrue*. No. 11-CV-2784(FB), 2012 WL 2860797, at *3 (E.D.N.Y. July 11, 2012) (citing *Shinseki v. Sanders*, 129 S.Ct. 1696, 1706 (2009). The plaintiff has made no attempt to suggest how counseling records from the jail in which he was incarcerated might support his claim. *See Million v. Astrue*, 260 Fed.Appx. 918, 921, 2008 WL 186935, at **3 (7th Cir. Jan. 22, 2008).

It is significant in this regard that the plaintiff provided a release only for a single document, one that was prepared by an unacceptable medical source.[2] Struck was a counselor, not a physician or psychologist. Record at 43-44. At oral argument, the plaintiff's attorney made much of the fact that the sole progress note in the record from Sharon L. Marble, M.D., refers to the fact that she saw him on March 3 and March 13, 2011, and the note is from the second visit. *Id*. at 329-30. Whether Dr. Marble created a note on March 3, 2011, or any other date, is, under the current circumstances, a matter of mere speculation. The possible content of

---

[2] Only an acceptable medical source may provide evidence to establish the existence of a medically determinable impairment. 20 C.F.R. § 416.913(a). Acceptable medical sources are licensed physicians, licensed or certified psychologists, licensed optometrists and podiatrists, and qualified speech-language pathologists. *Id*.

4

such a note is unknown and unknowable. When asked at oral argument whether he had attempted to obtain any such note, the plaintiff's current attorney said that he had not.

The plaintiff has not suggested how another note from Dr. Marble might change the outcome of his claim. Her note of March 13, 2011, diagnoses bipolar affective disorder, antisocial personality disorder, and intermittent explosive disorder. Record at 329. The administrative law judge found that the plaintiff suffered from an affective disorder and a personality disorder. *Id*. at 13. Based on this existing record, the plaintiff could at least have argued that the administrative law judge should have found him to be suffering from an intermittent explosive disorder that constituted a severe impairment at Step 2 of the sequential evaluation process, and suggested how that would affect the outcome of his claim, but he did not do so. In fact, he signed a release only for treatment records that would not allow the administrative law judge to draw any conclusions about the existence of any mental impairment other than those included in the RFC that he assigned to the plaintiff.

Similarly, the plaintiff offered no suggestion of the information about the severity of his mental impairments that might be included in Struck's notes.

The plaintiff argues that his appeal is governed by *Heggarty*, in which the First Circuit ordered remand of a claim for both SSI and Social Security Disability ("SSD") benefits because the administrative law judge failed in his duty to develop the record in a case in which the claimant was not represented by counsel, there were no records from his treating physician in the administrative record, and the administrative law judge "had informed claimant that he would arrange to obtain [those] records." 947 F.2d at 997. That case does appear to be similar to the instant case on its facts. However, *Heggarty* was decided well before the cases cited above,

including *Faria*, which recognize that a claimant alleging failure to develop the record adequately must make a showing of prejudice or unfairness, an issue not discussed in *Heggarty*.

Today, post-*Faria*, "[m]ere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Schoenfeld v. Apfel*, 237 F.3d 788, 798 (7th Cir. 2001). The plaintiff's itemized statement offers little other than speculation.

The plaintiff suggests that the administrative law judge relied on the absence of the very information that he promised to try to obtain in reaching his conclusions. Itemized Statement at 5. That is incorrect. The passage from the administrative law judge's opinion that the plaintiff quotes in this regard notes only the absence of a statement from a treating physician specifying the limitations caused by the plaintiff's mental impairments. There is no way to determine from the present record whether or not that physician ever created such a statement.

The plaintiff's first issue presents a close question. The court does not want to encourage the defendant's administrative law judges to make empty promises to unrepresented claimants. However, the failure of the administrative law judge in this case to follow up on his promise to obtain counseling records from the jail in which the plaintiff had been incarcerated,[3] while inexcusable if it occurred, has not been shown by the plaintiff to have been unfair or prejudicial to him, a showing that could have been made, from all that appears, based on the plaintiff's own knowledge of his symptoms. *See generally Falu v. Secretary of Health & Human Servs.*, 703 F.2d 24, 26-27 (1st Cir. 1983).

### B. Misinterpretation of Dr. Quinn's Opinions

The plaintiff contends that the administrative law judge misinterpreted the report of Edward Quinn, Ph.D., a psychologist who performed a consultative examination of the plaintiff

---

[3] There is no evidence that the administrative law judge also promised to obtain any existing records from the other mental health care providers identified by the plaintiff. Itemized Statement at 2-3.

on October 15, 2008.  Itemized Statement at 7-8.  He faults the administrative law judge for noting Dr. Quinn's opinion that the plaintiff "appears capable of following work rules if he chooses to do so."  Record at 16-17.   While he admits that Dr. Quinn made this statement in his report, the plaintiff contends that the statement "was independent of his opinion with respect to the Plaintiff's limitations with social functioning and ability to deal with work stress and not a statement of the Plaintiff's capabilities despite these other problems."  Itemized Statement at 7.  Specifically, he asserts that Dr. Quinn's opinion does not support the administrative law judge's conclusions that he "can respond appropriately to coworkers, supervisors, and usual work situations; and can adapt to changes in the ordinary work setting."  *Id*. at 8.

In addition to the above-quoted opinion, Dr. Quinn offered the "following statements . . . regarding Mr. Bard's ability to perform employment activities":

> He is likely to have difficulties interacting with others particularly individuals in authority positions or coworkers who attempted to take on authority r[o]les.  He may have some issues with stressors.  He should be able to function independently.  Difficulties with attention[,] concentration, persistence, pace and memory are not noted.  He should be able to complete job tasks.  He should be able to maintain personal appearance.  He has a history of problems behaving in an emotional[ly] stable manner.  He has a history of problems in social settings.  He has a history of problems with reliability.

Record at 247.

None of these statements is inconsistent with the statement that the plaintiff was capable of following work rules when he chose to do so.  That is quite clearly a statement of Dr. Quinn's opinion about one of the plaintiff's capabilities "despite these other problems."  At least to this extent, it is the plaintiff's interpretation of Dr. Quinn's report that is erroneous.

With respect to the administrative law judge's mental RFC, and specifically those of Dr. Quinn's opinions which the plaintiff asserts are inconsistent with that RFC, there is substantial

7

evidence in the record, cited by the administrative law judge, to support his conclusions. Under these circumstances, it is not necessary that the administrative law judge's mental RFC be fully consistent with Dr. Quinn's findings.

The state agency reviewing psychologists, who had the benefit of Dr. Quinn's report, *id*. at 267, 317, both found that the plaintiff had moderate difficulties in maintaining social functioning, *id*. at 265, 315, and was moderately limited in his ability to respond appropriately to supervisors and to get along with coworkers, *id*. at 279, 320. Dr. Houston concluded that the plaintiff "is able to interact appropriately with co-workers and supervisors." *Id*. at 280. Dr. Sawyer concluded that the plaintiff "has adequate social skills to interact with co-workers and supervisors. [D]espite his report of getting into fights, etc., he has been appropriate with care providers and there is no evidence that his difficulty getting along with others is the result of a mental illness." *Id*. at 321. The administrative law judge's inclusion in the plaintiff's RFC of a finding that the plaintiff "can respond appropriately to coworkers, supervisors, and usual work situations," *id*. at 15, is consistent with the conclusions of the state-agency psychologists, upon which the administrative law judge was entitled to rely.[4] *Mannix v. Astrue*, Civil No. 08-437-B-W, 2009 WL 3152880, at *4 (D. Me. Sept. 28, 2009).

### C. Previous Award of Benefits

At oral argument, the plaintiff's attorney raised for the first time the argument that the plaintiff was receiving Social Security disability benefits until he was incarcerated, and that this fact should have been considered by the administrative law judge. Arguments raised for the first time at oral argument will be considered waived by this court. *Farrin v. Barnhart*, No. 05-144-

---

[4] The plaintiff also asserts that the entry in the administrative law judge's RFC to the effect that he "can adapt to changes in the ordinary work setting" "is not supported by the opinions expressed by Dr. Quinn." Itemized Statement at 8. Dr. Quinn's report does not mention ability to adapt to changes in the work setting. Record at 245-48.

P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006). I note, however, that once a recipient of SSI benefits has been incarcerated for more than 13 months, benefits that had been awarded before his incarceration and suspended due to his incarceration, 20 C.F.R. § 416.1325, are terminated, 20 C.F.R. § 416.1335, and he must apply anew for those benefits upon his release. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1172 (9th Cir. 2008) (administrator not required to presume previous disability has continued through non-medically related termination of benefits).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of September, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge